IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH CHESTER PARZYCK, III,
    Plaintiff,

vs.                               5:07cv107/RS/MD

PRISON HEALTH SERVICES, et al.
    Defendants.

_____

**O R D E R**

      This cause is before the court upon plaintiff's amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983.  From a review of this complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named defendants.  The court will therefore allow the plaintiff an opportunity to refine his allegations in an amended complaint.

      Plaintiff, an inmate incarcerated in the custody of the Florida Department of Corrections, was incarcerated at the South Florida Reception Center, and Apalachee Correctional Institution at the time the events giving rise to this complaint took place. Named as defendants in this action are Prison Health Services, Inc., A.R.N.P. D. Braxton, A.R.N.P. K. Land, CHO Dr. Cherry, CHO Juan R. Nunez, LPN S. Johnson, LPN R. Blair, and Dr. M Suarez.  Plaintiff sues all the individual defendants in their individual capacities, and sues Dr. Nunez and Dr. Cherry in both their individual and official capacities, and sues Prison Health Services in its official capacity as the Health Care Provider for the Florida DOC.  Plaintiff alleges that from the time he was seen at South Florida Reception Center at the beginning of his current term of incarceration continuing to date, he has received inadequate treatment for his low back pain and related conditions.  He also alleges that certain medical personnel have debased and ridiculed him, telling him that his alleged

physical problems are purely psychiatric in nature.  Plaintiff seeks punitive and compensatory damages, and referral to an orthopedic specialist and a neurologist.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), overruled on other grounds *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

As plaintiff was previously instructed, to the extent plaintiff sues defendants in their official capacities, the defendants are entitled to Eleventh Amendment immunity.  A plaintiff may not bring a § 1983 action for monetary damages against the state or state officials in their official capacities.  *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004).[1]  A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court.  *See Federal Maritime Commission v. South Carolina State Ports Authority,*  535 U.S. 743, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Department of Heath and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986).  Eleventh Amendment immunity extends also to state agents and state instrumentalities, *Regents of the University of California v.*

---

[1] A prisoner, however, may bring a § 1983 action against state officials in their official capacities, but only for prospective, injunctive relief under certain circumstances. *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004) (citing *Will*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10 105 L.Ed.2d 45 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)); *Ex parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1908); see *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir.1995); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir.1989)).

*Case No: 5:07cv107/RS/MD*

*Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997), and arms of the state as well as state officials. *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

As noted above, plaintiff attempts to bring this claim under the Eighth Amendment. Some general standards governing Eighth Amendment jurisprudence were set forth in a previous order and will not be repeated herein. The court notes, however, that plaintiff's allegations against certain defendants do not rise to the level of stating an Eight Amendment violation. For instance, he contends that defendant K. Land denied and delayed him care, but the allegations contained in paragraphs 43 through 45 of the amended complaint suggest that this defendant provided treatment immediately upon plaintiff's referral to her, ordering x-rays, prescribing medications and requesting changes in plaintiff's job classification to accommodate the alleged physical limitations. Likewise, the actions, or alleged inaction of defendants Johnson and Blair do not appear to rise to the level of a constitutional violation. Also, it is not clear whether Nurse Braxton's alleged harassment of the plaintiff is intended to be part of the complaint, and if so, whether these allegations have been properly exhausted.[2]

---

[2] Exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. at 524, 122 S.Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth, supra* at 734, 121 S.Ct. at 1825. The requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Moreover, as the United States Supreme Court recently held, the PLRA requires "proper exhaustion," so that the agency addresses the issues on the merits. *Woodford v. Ngo*, --- U.S. ---, 126 S.Ct. 2378, 2387-88, 165 L.Ed.2d 368 (2006); *see also* 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). The exhaustion requirement is not satisfied by the prisoner filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Id.*, 126 S.Ct. at 2378.

In amending, plaintiff should carefully review the foregoing, as well as the court's previous order to determine whether he can present allegations sufficient to state a cause of action under the relevant law against the named defendants.  If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form that has been marked "Second Amended Complaint." **Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.** Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, plaintiff should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.   It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)*; GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998);  *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  If plaintiff cannot state exactly how a particular defendant harmed him, or the defendant's actions (or omissions) do not rise to the level of a constitutional violation, he should delete or drop that person as a defendant from his complaint. Furthermore, he should not include details that are irrelevant to the claims raised in the complaint.   In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations.  Plaintiff is advised that the second amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as

evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Second Amended Complaint" should be written on the form.

2. The plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 16th day of July, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**