IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH CHESTER PARZYCK, III,
        Plaintiff,

vs.                               5:07cv107/RS/MD

PRISON HEALTH SERVICES, et al.
        Defendants.

---

## <u>REPORT AND RECOMMENDATION</u>

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1).  Leave to proceed *in forma pauperis* was granted and no initial partial filing fee was assessed (doc. 6).

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).   A complaint is frivolous under section 1915(e)  "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless."  *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx.

682, 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if plaintiff has not stated enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 n.14, 1974 (2007). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff, an inmate incarcerated in the custody of the Florida Department of Corrections, was incarcerated at the South Florida Reception Center, and Apalachee Correctional Institution at the time the events giving rise to his second amended complaint took place.  Named as defendants in the most recent version of his complaint are Prison Health Services, Inc., CHO Dr. Cherry, CHO Juan R. Nunez, and Dr. M. Suarez.  Plaintiff sues all the defendants in their individual capacities.  Plaintiff alleges that from the time he was seen at South Florida Reception Center at the beginning of his current term of incarceration continuing to date, he has received inadequate treatment for his low back pain and related conditions.  Although there are many allegations in the second amended complaint regarding this condition, only those allegations that are pertinent to the named defendants will be discussed herein.  On August 10, 2006, Dr. Suarez is alleged to have made plaintiff wait in the medical lobby for 1 ½ hours before seeing him for his "involuntary muscle spasms, extreme pain and difficulty breathing." (Second Amended Complaint, ¶4).[1] Plaintiff claims that Dr. Suarez violated his constitutional rights by delaying care on this

---

[1]References henceforth will be only to the paragraph of the second amended complaint.

single occasion.  There are no other allegations against Dr. Suarez.  Plaintiff alleges that Dr. Nunez reviewed the x-rays of plaintiff's foot, ankle and lumbar spine, and wrote a report indicating that plaintiff needed to see both an orthopedic specialist and a neurologist.  (¶ 7).  However, the consult form that Dr. Nunez filled out only referenced plaintiff seeing an orthopedic specialist for his right foot and ankle, not for his spinal condition, and as a result the consulting physician refused to examine plaintiff's back  (¶ 8).  Plaintiff thus alleges that Dr. Nunez failed to follow through with the care prescribed by Dr. Iglesias, a physician at the South Florida Reception Center, that he had seen previously.  Finally, plaintiff states that Dr. Cherry, the Chief Health Officer at Apalachee Correctional Institution, denied plaintiff's request for an orthopedic consult without ever physically examining the plaintiff, and in contravention to a recommendation made by Dr. Iglesias.  (¶¶ 17, 27 & 28).  There are no allegations against Prison Health Services, Inc., although plaintiff contends that this defendant   deprived him of his Eighth Amendment rights through unwritten policies, practices and protocol, which he has not identified.  (¶34).   Plaintiff seeks punitive and compensatory damages, and referral to an orthopedic specialist and a neurologist and an order directing that any orders by the specialists be immediately carried out.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

As noted above, plaintiff attempts to bring this claim under the Eighth Amendment, which governs "the treatment a prisoner receives in prison and the conditions under which he is confined.  *Hellig v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).  However, "[n]ot every governmental action affecting the interests or well-being of

a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations omitted)).

A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 105-06. From the allegations in plaintiff's complaint, it appears that the actions of Dr. Nunez, at most, give rise to a claim of medical negligence. Dr. Nunez reviewed plaintiff's x-rays and determined he needed to see both an orthopedic specialist and a neurologist, but only wrote a consultation form for plaintiff's foot and ankle condition. Plaintiff states that when he saw the orthopedist, the doctor would not examine his back because that was not included in the consult. Plaintiff does not allege any maliciousness or ill intent by Dr. Nunez, and because plaintiff was transferred "shortly after this consult," he apparently had no subsequent contact with Dr. Nunez about the matter.

To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow, supra; Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Second, a plaintiff must

prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer v. Brennan*, 511 U.S. at 834 (1994); *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363.  With respect to Dr. Suarez and the alleged 1 ½ hour delay in care on the single date alleged in the complaint, while plaintiff certainly may have been uncomfortable, he has failed to present any facts to suggest that Dr. Suarez acted with an attitude of "deliberate indifference" such that the actions could give rise to a constitutional violation.

Likewise, with respect to the actions of Dr. Cherry, there is no suggestion of "deliberate indifference."   Rather, from plaintiff's allegations, it appears that there merely was a difference in opinion between Drs. Iglesia and Cherry about the proper course of treatment for plaintiff.  Again, while understandably disappointing for the plaintiff, this does not rise to the level of a constitutional violation.  Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment.  *Estelle*, 429 U.S. at 107, 97 S.Ct. at 292; *Hamm v. DeKalb County* , 774 F.2d 1567, 1575 (11th Cir. 1985); *Turner v. Solorzano*, 2007 WL 1217882, *2 (11th Cir. 2007) (table, text in WESTLAW).  A difference of opinion over matters of medical judgment does not give rise to a constitutional claim.  *Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir. 1999); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).  In sum, plaintiff has failed to demonstrate the subjective mental intent of any of the individual defendants was to punish him in violation of his Eighth Amendment rights or the "unnecessary and wanton infliction of pain."

Finally, as noted above, there are no allegations in the complaint against Prison Health Services, Inc.  Therefore, there is no factual support for plaintiff's assertion that Prison Health Services, Inc., condoned allegedly unconstitutional unwritten policies, practices and protocol, and plaintiff has failed to state a claim against this defendant.

Based on the foregoing, the court finds that plaintiff cannot successfully bring this action as a violation of 42 U.S.C. § 1983, that plaintiff's complaint lacks an arguable basis in law or fact, and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 13th day of August, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **<u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).