# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**John Ley**
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

December 13, 2010

MEMORANDUM TO COUNSEL OR PARTIES

**Appeal Number: 09-12483-AA**
Case Style: Joseph Chester Parzyck, III v. Prison Health
District Court Number: 07-00107 CV-5-RS-MD ()

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to Rule 36 of the Federal Rules of Appellate Procedure. Fed.R.App.P. 39, 40 and 41, and the corresponding circuit rules govern costs and attorney's fees, petitions for rehearing, and mandate, respectively.

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-6(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate *or* filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellee.

For questions concerning the issuance of this court's decision, please call (404) 335-6161, (404) 335-6151 or the "Reply To" number shown below. For all other questions, please call Dixon, Eleanor (404) 335-6172.

Sincerely,

John Ley, Clerk of Court

Reply To: Jeffrey Patch (404) 335-6147

Encl.

OPIN-1A (01-2006)

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-12483

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00107-CV-5-RS-MD

JOSEPH CHESTER PARZYCK, III,

Plaintiff-Appellant,

versus

PRISON HEALTH SERVICES INC., et al.,

Defendants,

DANIEL P. CHERRY,
DR,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Florida

(December 13, 2010)

Before BARKETT and MARTIN, Circuit Judges, and HUNT,* District Judge.

BARKETT, Circuit Judge:

Joseph Parzyck, III, a Florida prisoner, appeals the dismissal without prejudice of his third amended complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act ("PLRA"). Parzyck filed a pro se 42 U.S.C. § 1983 complaint alleging that prison medical personnel were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.[1] Ultimately, he filed the third amended complaint at issue in this case, leaving Dr. Daniel Cherry, the Chief Health Officer at the Apalachee Correctional Institution ("ACI"), as the sole defendant. Parzyck alleged that Dr. Cherry, as Chief Health Officer, violated his Eighth Amendment rights by denying him consultations with an orthopedic specialist recommended by prison medical personnel for his severe back pain. The only issue before us in this appeal is whether Parzyck exhausted his administrative remedies prior to filing suit.[2]

---

* Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

[1] Although Parzyck initially appealed pro se, this Court appointed counsel and ordered supplemental briefing.

[2] We review de novo the dismissal of a lawsuit for failure to exhaust administrative remedies under § 1997e(a). Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).

2

Section 1997e(a), enacted as part of the PLRA, provides that a prisoner must exhaust all available administrative remedies before bringing a federal action challenging prison conditions. See Booth v. Churner, 532 U.S. 731, 738 (2001). The PLRA seeks to eliminate unwarranted interference with the administration of prisons in order to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006) (alteration and quotation marks omitted). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" Jones v. Bock, 549 U.S. 199, 218 (2007).

The grievance procedures promulgated by the Florida Department of Corrections ("FDOC") require an inmate to (1) file an informal grievance to the staff member responsible for the particular area of the problem, Fla. Admin. Code Ann. r. 33-103.005(1)(a); (2) file a formal grievance with the warden's office, id. at r. 33-103.006(1); and (3) submit an appeal to the Office of the Secretary of the FDOC, id. at r. 33-103.007(1). However, if an inmate is filing a medical grievance, as was the case here, the initial informal grievance step may be omitted. Id. at r. 33-103.006(3)(e).

In November 2006, Parzyck filed an informal grievance complaining that he had been waiting three months for a promised orthopedic consultation for his

3

continual and severe back pain and asking to be seen by an orthopedist immediately. The grievance was returned with instructions to file a formal grievance, as an informal grievance was unnecessary for a medical complaint. Parzyck did so and received a response stating that his medical chart would be reviewed. When he was still not granted a referral, Parzyck submitted an appeal to the Office of the Secretary. In January 2007, while the appeal was pending, Dr. Cherry was appointed as Chief Health Officer and Parzyck again requested an orthopedic consultation, which was denied by Dr. Cherry. On March 13, 2007, the Office of the Secretary denied Parzyck's appeal on the ground that it was "the responsibility of [the] Chief Health Officer to determine the appropriate treatment regimen for the condition [he was] experiencing." On May 17, 2007 – two months after having completely exhausted the FDOC's administrative grievance procedures – Parzyck filed his original complaint in federal court.

While his lawsuit was pending, Parzyck again filed a grievance regarding the failure to provide promised referrals to specialists for his severe back pain. Dr. Cherry denied this grievance, and Parzyck appealed to the Office of the Secretary, specifically referencing Dr. Cherry's earlier denial of his request for an orthopedic consultation. This appeal was denied on July 22, 2008. Three months after fully exhausting this second round of the FDOC's administrative grievance procedures –

on October 28, 2008 – Parzyck filed his third amended complaint.

The district court determined that because Parzyck's first grievance only addressed acts and omissions that occurred before Dr. Cherry's appointment as Chief Health Officer, Dr. Cherry could not be held liable and therefore, Parzyck's first grievance did not exhaust administrative remedies as to any claim against him. As to the second grievance, the district court held that it did not exhaust administrative remedies because Parzyck did not complete the administrative review process before he filed his original complaint, even though it had been completed before his third amended complaint was filed.

We find that under the facts of this case, the district court erred in concluding that Parzyck had not exhausted all available administrative remedies before filing the original complaint. In holding that Parzyck had not exhausted his first grievance against Dr. Cherry because it referenced acts that occurred before he became Chief Health Officer, the district court confused the question of Dr. Cherry's liability on the merits of the claim with the separate and distinct question of whether Parzyck exhausted his administrative remedies. A prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim. Jones, 549 U.S. at 219; see also Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[W]hile § 1997e(a) requires that a prisoner provide as much relevant

5

information as he reasonably can in the administrative grievance process, it does not require that he do more than that."). Section 1997e(a)'s exhaustion requirement is designed "to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued . . . ." Jones, 549 U.S. at 219 (quoting Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004)). The statute merely requires inmates to complete the administrative review process in compliance with the prison's grievance procedures, so that there is "time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford, 548 U.S. at 93 (alteration and quotation marks omitted).

Although Parzyck's first grievance did not name Dr. Cherry, it accomplished § 1997e(a)'s purpose by alerting prison officials to the problem and giving them the opportunity to resolve it before being sued. Parzyck was not required to initiate another round of the administrative grievance process on the exact same issue each time another request for an orthopedic consultation was denied. See Howard v. Waide, 534 F.3d 1227, 1244 (10th Cir. 2008) ("Howard was not required to begin the grievance process anew . . . [because] further grievances complaining of the same living situation would have been redundant."); Johnson, 385 F.3d at 521 ("As a practical matter, Johnson could not have been expected to file a new grievance . . . each time he was assaulted . . . . Johnson's grievances were sufficient to exhaust

claims that arose from the same continuing failure to protect him from sexual assault.").

Nothing in the FDOC's grievance procedures requires inmates to file new grievances addressing every subsequent act by a prison official that contributes to the continuation of a problem already raised in an earlier grievance. The only FDOC requirements regarding the contents of grievances are that they must accurately state the facts and "address only one issue or complaint." Fla. Admin. Code Ann. rr. 33-103.006(2)(e) and (2)(f). Parzyck properly exhausted his administrative remedies by complying with these requirements and completing the administrative review process before filing his original complaint.

Parzyck demonstrated meticulous respect for the FDOC's administrative grievance procedures and gave prison officials ample opportunity to respond internally before Dr. Cherry was brought into court. Because he complied with the letter and purpose of § 1997e(a)'s exhaustion requirement, we reverse the dismissal of his third amended complaint and remand for further proceedings.

**REVERSED AND REMANDED.**